1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**

7          **NORTHERN DISTRICT OF CALIFORNIA**

8
9 **PHYLINESE MORRIS,** *individually and on behalf others similarly situated*,

       Case No.: 12-CV-4220 YGR

       **ORDER GRANTING MOTION FOR REMAND**

10
       Plaintiff,

11
12        vs.

13 **LIQUIDAGENTS HEALTH CARE, LLC,** *et al.*,

14        Defendants.

15

16        Plaintiff Phylinese Morris ("Plaintiff") filed the instant action in the Superior Court for the

17 State of California, County of Alameda, on behalf of herself and a putative class of similarly situated

18 California employees for violation of California Labor Code sections governing, *inter alia*, overtime

19 compensation, meal and rest breaks, reimbursement for employment-related expenses, and penalties

20 based upon failure to pay wages timely. Defendant LiquidAgents Health Care, LLC ("Defendant")

21 removed the action on August 10, 2012, based upon the Class Action Fairness Act of 2005

22 ("CAFA"), 28 U.S.C. §1332(d)(2)(A) and on diversity jurisdiction. The parties are presently before

23 the Court on Plaintiff's Motion for Remand. Having read and considered the papers submitted, the

24 admissible evidence, and the pleadings in this action, the Court hereby **GRANTS** the motion.[1]

25
26

27
28

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **November 13, 2012.**

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## BACKGROUND

Plaintiff filed her class action complaint in the Superior Court of the State of California for the County of Alameda on July 11, 2012, alleging Labor Code violations, and other violations under California law.  The Complaint alleges that Defendant's failure to pay overtime (Cal. Lab. Code §§ 201-204, 510, 558, 1194) and failure to provide required meal breaks (Cal. Lab. Code §§ 226.7, 512 and 558) violate California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.) as to Plaintiff and the putative class.  Plaintiff also alleges claims for failure to reimburse employees for the costs of required uniforms (Cal. Labor Code § 2802) and for unlawfully requiring employees to purchase merchandise in violation of Labor Code section 450.  The complaint seeks damages, penalties, interest and attorneys' fees thereon.  The putative class is defined as "persons in the employ of Defendant in California paid on an hourly basis within four years preceding the filing of the action to the present."  (Notice of Removal ("NOR"), Dkt. No. 1, Exh. A. [hereinafter "Complaint"] ¶ 11.)

On August 10, 2012, Defendant filed its Notice of Removal.  In support its Notice of Removal, Defendant offered a declaration of Jennifer Hanlon, its Chief Financial Officer and a Request for Judicial Notice of settlements in other class actions.

## APPLICABLE STANDARD

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court.  28 U.S.C. § 1441.  A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure.  28 U.S.C. § 1447(c).  The removal statutes are construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). District courts also have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332(a)'s amount –in-controversy requirement excludes only "interest and costs," so attorneys' fees are included in the calculation. *Guglielmino v. McKee Foods Corp.* 506 F.3d 696, 700 (9th Cir. 2007).

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006). Thus, Defendant bears the burden to establish that this Court has jurisdiction over Plaintiff's claims. The removing party's assertions of federal court jurisdiction cannot be based on speculation and conjecture. *See Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (9th Cir. 2007). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson,* 319 F.3d at 1090-91.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D.Cal.2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.,* 536 F.Supp.2d 1199, 1205 (E.D.Cal. 2008); *Rippee v. Boston Market Corp.,* 408 F.Supp.2d 982, 986 (S.D.Cal. 2005). In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence" relevant to the amount in controversy at the time of the removal. *Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n. 1 (9th Cir. 2002).

### DISCUSSION

Plaintiff's motion for remand is based solely upon her assertion that Defendant has not met its burden of proof to establish that the case meets the amount in controversy requirement under CAFA. No dispute is raised regarding the diversity, numerosity, or private defendant requirements of CAFA.

The Ninth Circuit has "identified at least three different burdens of proof which might be placed on a removing defendant in varying circumstances," only two of which are pertinent to this case. *Guglielmino, supra,* 506 F.3d at 699. If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] ... a preponderance of the evidence standard" applies. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996). If, however, "a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with

United States District Court
Northern District of California

legal certainty that CAFA's jurisdictional amount is met.'" *Id.* (quoting *Lowdermilk, supra,* 479 F.3d at 1000)

Plaintiff alleges that she is "informed and believes that the damages, back wages, expense reimbursements, restitution, value of injunctive relief sought, penalties, interest and attorneys' fees do not exceed an aggregate of $4,999,999,99 and that the pro-rata value of Plaintiff's individual claims, including damages, back wages, expense reimbursements, restitution, injunctive relief, interest, attorney's fees, and penalties, does not exceed $74,999.99." (NOR, Exh. 1 [Complaint] ¶ 3, and Prayer ¶ 8.)  Because these allegations clearly state that the amount in controversy is below the CAFA threshold, Defendant must establish the jurisdictional requirement is met by proof to a legal certainty.  Moreover, regardless of the standard applied, the Court finds Defendant has failed to show the amount-in-controversy exceeds the five million dollar threshold here.[2]

In support of its Notice of Removal, Defendant offered the Hanlon declaration and the Request for Judicial Notice.  The Hanlon Declaration was offered primarily for two purposes: (1) to submit an email demand made by Plaintiff prior to commencement of the litigation for $206,704.00 in damages; and (2) to establish that it employed "over 100 individuals" in the last four years.  (Dkt. No. 2.)  The Notice of Removal then calculates the amount in controversy based solely on a pre-litigation demand by Plaintiff, multiplying that amount by 100 to reach an amount in controversy of $20,670,400.00.  (NOR ¶ 33.)

The Court notes with respect to the settlement demand email, Plaintiff submitted evidence that, the same morning she sent the first email, she sent a second one correcting her arithmetic and typographical errors and requesting the significantly lower amount of $30,040.  (Declaration of

---

[2] While the parties do not focus their discussion on whether Plaintiff's pro-rata share of the amount in controversy exceeds the $75,000 threshold, the Court likewise finds that Defendant has not offered sufficient evidence to refute the allegations to the contrary in the Complaint.

United States District Court
Northern District of California

Phylinese Morris, Dkt. No. 7-2, Exh. B.)  Further, the pre-litigation email has little probative value as to the amount in controversy of the actual claims in later complaint.

Defendant offered additional information in support of its opposition to the motion for remand, including a supplemental declaration from Hanlon.  (Dkt. No. 13-1, Supplemental Declaration of Jennifer Hanlon ["Hanlon Dec."].)  That declaration reveals that Defendant employed approximately 368 potential class members during the four-year period prior to the litigation and 130 potential class members in the one-year period prior to filing.  Of these, Defendant only employs 37.  (*Id.* ¶¶ 12, 16, 17.)  Defendant paid on a weekly basis.  (*Id.* ¶ 14.)  The average duration of employment was five months, or 20 pay periods, and the average wage was $43.77 per hour.  (*Id.* ¶ 13, 14.)  Hanlon avers that the employees' schedules "varied greatly" but that the "most common schedule" was 3 days per week, 12 hours per shift.  (*Id.* ¶15.)

Defendant assumes that each class member missed between one and three meal breaks per week for the duration of their employment, as well as accruing 12 hours of overtime (4 overtime hours times 3 shifts) per week.  (*See* Defendant's Opposition to Plaintiff's Motion to Remand, Dkt. No. 13, at 9-11.)  Based on those assumptions, and the figures in Hanlon's supplemental declaration, Defendant arrives at "conservative and reasonable estimates" of between $322,147.20 and $966,441.60 in missed meal break violations, depending on whether calculated at one or three times per week, and $1,932,883.20 in overtime violations.  (*Id.*)  In addition, Defendant calculates waiting time penalties under Labor Code section 203 of $3,129,340.20 (331 former employees for $315.14 per day for 30 days) and underpayment penalties of $230,500.00 (130 employees at $50 for an initial violation and $100 for subsequent violations for average of 20 pay periods).  In total, the unpaid wages and penalties, using the lower one-meal-break-violation-per-week number, comes to $5,637,870.00.  Defendant estimates that statutory attorneys' fees would increase that number by an additional 25 percent.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff objects that the calculations are flawed and speculative and Defendants' assumptions are not supported by the evidence or the allegations of the Complaint.  The Complaint itself alleges that Defendant had a "systematic practice" of violating the Labor Code sections at issue.  (Complaint ¶ 13.)  Plaintiff alleges that she "failed" to be paid for time worked, to receive accurate wage statements, and to be reimbursed for uniforms, as well as that she "routinely failed" to receive meal periods.  (Complaint ¶ 14.)  Other than the single mention of a "routine" failure to receive meal periods, the Complaint lacks allegations suggesting the frequency of the alleged violations elsewhere in the complaint, whether pertaining to Plaintiff herself or to putative class members generally.

In terms of analyzing the potential amount of damages, the Court follows some basic principles.  First, the removing party is not entitled to assume that all class members' damages or violation rates are the same as the named plaintiff's based simply on an allegation that the named class member's claims are "typical."  *See Baillie v. Account Receivable Mgmt. of Fla.*, C 11-0021 CW, 2011 WL 566817 at *4 (N.D. Cal. Feb. 14, 2011) (assumptions based on two names plaintiffs' damages unwarranted by allegations); *Martinez v. Morgan Stanley & Co. Inc.*, 09CV2937-L(JMA), 2010 WL 3123175 at *5-6 (S.D. Cal. Aug. 9, 2010) (assumption that all class members accrued the same number of overtime hours and missed meal breaks as named plaintiff not supported by evidence or allegations of typicality).  Second, without evidence from its own records or any allegation as to the frequency of alleged violations to support its estimates, Defendant cannot assume any particular frequency as a basis for its jurisdictional calculations.  *See Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1119-20 (C.D. Cal. 2010) (no basis in the complaint or the evidence for an estimated 3 to 5 hours of overtime per week per class member); *Martinez, supra,* 2010 WL 3123175 at *6 (assumption that every class member missed three meal and rest periods per week based on an allegation that they were missed "frequently" was unsupported); *Ruby v. State Farm Gen. Ins. Co.,* 2010 WL 3069333 at *4 (N.D. Cal., August 4, 2010) (court unwilling to credit defendant's

United States District Court
Northern District of California

assumptions that each class member had weekly rest and meal break violations where the allegation was only that employees missed "some" breaks).

Here, Defendant has offered a meager application to support its claim of jurisdiction under CAFA.  Defendant's assumptions –whether viewed from the standpoint of proof to a legal certainty or the lower preponderance of the evidence standard – are not supported.  There is no evidence or allegation on which to base the contention that each class member accrued 12 overtime hours per week for every week they worked.  Indeed, Hanlon's supplemental declaration supports a contrary inference given her testimony that employees' schedules "varied greatly" and 12 hours of overtime per week was the "most common schedule."  Her declaration suggests both that many class members did not have this much overtime and that Defendant had at its ready disposal information that would have allowed it to present more precise estimates of class overtime hours, but chose not to offer it. Further, as to missed meal breaks, even if Defendant were able to assume that other class members missed breaks "routinely" as Plaintiff alleges she did, such an allegation does not give rise to the assumption that the missed breaks happened any particular number of times per pay period.[3]

Unlike this Court's determination in *Jasso v Money Mart*, 2012 WL 699465 at (N.D. Cal. March 1, 2012), Plaintiff has not alleged a "uniform policy and scheme of. . . failing to pay [class members] for all hours worked, missed meal periods and rest breaks. . . at all material times," such as would support even a limited assumption of uniform, weekly overtime and meal break violations.  *Id.* at *5-6; *see also Ray v. Wells Fargo Bank NA*, 2011 WL 1790123 at *6-7 (C.D. Cal., May 9, 2011) (assumption of one hour overtime per week proper where allegation was "consistent" overtime); *Wilson v. Best Buy Co.*, Inc., 2011 WL 445848 at *2 (E.D. Cal., February 8, 2011) (same, based on

---

[3] Defendant seeks judicial notice of amounts of settlements reached in other class actions.  Defendant has failed to provide sufficient legal authority to support its request that the proffered facts are even judicially noticeable.  Moreover, Defendant makes little effort to show that the facts underlying those settlements are sufficiently similar to have probative value here.  The Court **DENIES** the request for judicial notice.

allegations of overtime "during the relevant time period").  As a result, Defendant's assumptions here are unwarranted and cannot be relied upon to prove CAFA jurisdiction.

### CONCLUSION

Based upon the foregoing, the Court finds that Defendant has not met its burden of establishing that the amount in controversy in this litigation exceeds the jurisdictional threshold under CAFA.  Therefore, the motion for remand is **GRANTED**.  This action is **REMANDED** to the Superior Court of the State of California, County of Alameda.

**IT IS SO ORDERED.**

Date: November 7, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

9